Jamie J. KEY, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 02–3345.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 12, 2003.*

Decided Aug. 14, 2003.

Before MANION, ROVNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

Jamie Key, a federal inmate convicted of drug conspiracy, appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence because his trial counsel rendered ineffective assistance. Key contends that his trial counsel miscalculated his potential sentence, which discouraged him seeking a shorter sentence through a plea bargain. The district court rejected this claim, concluding that because the government never made a plea offer, Key could not show that counsel's performance was deficient, or that he was prejudiced by any possible deficient performance. We affirm.

Key was convicted of participation in an extensive drug conspiracy that ran its operations out of the Ida Wells housing complex in Chicago during the early 1990s. At the time of his arrest in 1995, Key was seventeen years old, but shortly thereafter he turned eighteen years old and the district court transferred him to adult status. Key does not assert that he offered to plead guilty at any time, nor does he claim that the government offered any type of plea agreement. After a month-long trial, a jury found Key guilty of ten counts of

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

heroin possession with intent to distribute, and the district court sentenced him to 240 months' imprisonment. He unsuccessfully appealed, *United States v. Jarrett,* 133 F.3d 519, 524 (7th Cir.1998), and thereafter brought this motion under 28 U.S.C. § 2255. Key's only argument in his § 2255 motion was that trial counsel rendered ineffective assistance by advising him that, because his crimes were committed when he was a juvenile, his exposure at sentencing could not include relevant conduct that was not charged in the indictment. He contended that counsel told him that his base offense level would be 28, resulting in a guideline range of 89 to 97 months. Key stated that if he had known that his sentence could be as high as 240 months, he would have pleaded guilty in an effort to lessen his liability.

Although the district court granted a certificate of appealability on the issue of ineffective assistance of counsel, it concluded that counsel's performance was not deficient because the government never offered a plea agreement and counsel had no other choice but to proceed to trial. Moreover, the court held that even if counsel's performance was deficient, Key could not establish prejudice because he could not show that after a guilty plea he would have received a more favorable sentence.

On appeal Key argues that counsel's erroneous advice concerning the comparative difference between a sentence after a guilty plea versus conviction after trial constituted ineffective assistance. Key's claim of ineffective assistance of counsel requires a showing that his trial attorney's performance was deficient and that he was prejudiced by that deficiency. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We review a district court's decision on such a claim *de novo. Rodriguez v. United States,* 286 F.3d 972, 983 (7th Cir.2002).

■ Initially, Key fails to demonstrate that his counsel's performance was objectively unreasonable. *See Strickland,* 466 U.S. at 687–88. Without explanation, Key disagrees with the district court's reasoning that, because the government had never offered a plea, counsel's advice to proceed to trial could not be deemed deficient. Counsel generally has a duty to inform clients of all plea agreements offered by the government and permit the client's involvement in decision-making. *United States v. Golden,* 102 F.3d 936, 943 (7th Cir.1996). In support of his argument that counsel can be deemed ineffective for providing erroneous advice regarding the sentencing effects of a proposed plea agreement, Key cites *Paters v. United States,* 159 F.3d 1043 (7th Cir.1998). But his reliance on this case is misplaced because *Paters* involved counsel's advice not to accept a proposed plea agreement, while the state made no such plea offer in this case. *See id.* at 1046. Therefore, counsel's duty to inform Key was not implicated because the government offered no plea agreement. Even if Key had chosen to make a "blind" guilty plea without an offer from the government, he cannot show that he would have received a more favorable sentence by virtue of a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. In the absence of a concrete plea offer, counsel's incorrect prediction of Key's sentence cannot be deemed to constitute objectively unreasonable performance. *See United States v. Fuller,* 312 F.3d 287, 293 (7th Cir.2002) (citing *United States v. Martinez,* 169 F.3d 1049, 1053 (7th Cir.1999) ("An attorney's mere inaccurate prediction of a sentence does not demonstrate the deficiency component of an ineffective assistance of counsel claim.")).

■ Even if counsel's performance in advising Key of the possible sentencing

consequences was deficient, Key cannot establish that he was prejudiced by this erroneous advice. To demonstrate prejudice, Key must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. This he did not do. Key has never provided any facts to show that the government offered, or would have considered offering, any plea agreement for a lesser sentence. A timely plea of guilty by itself does not entitle a defendant to the reduction in his offense level for acceptance of responsibility. *United States v. Travis,* 294 F.3d 837, 840 (7th Cir.2002). Because the mere possibility of prejudice is insufficient to demonstrate *actual* prejudice, *Prewitt v. United States,* 83 F.3d 812, 819, Key has not satisfied his burden merely by conjecturing that a plea would have led to a reduction in his offense level.

AFFIRMED.